## BERMAN v. WOODS & Co.

1. RESCISSION OF CONTRACT: *Failure of consideration: Agency.*

    | 38 | 351 |
    | 59 | 259 |

    Berman ordered of Woods & Co., of Boston, a small printing press, based upon the representations of its value and efficiency contained in their circular or catalogue. Upon arrival it was visible to the eye, or could have been easily ascertained by measurement, that it was smaller and of less capacity than represented. Berman was concerned in the purchase with a clerk in his store, who first commenced the negotiations for it, which were afterwards taken up by Berman, and the press was intended for the use of both. When received, Berman was absent, and the clerk, who was to work the press, unpacked and set it up, and partly worked it. Four days after Berman returned, and about a month after it was shipped from Boston, he reshipped the press to Woods & Co., who refused to accept it, and sued Berman for the price.

    *Held:* 1st. That the jury might well conclude that Berman had authorized the clerk to unpack, set up, and work the press, and might find that by such acts of his agent, and his own delay to return it after his return home, he had lost the right to rescind.

2. WARRANTY: *Puffing: False representations in circulars, etc.*

    A purchaser of an article cannot rely upon all statements and assertions made by the maker in circulars concerning it, as a warranty that it will do what is stated. It is folly to rely upon them when made by

Berman v. Woods & Co.

unknown dealers. Purchasers should examine for themselves, or seek the advice of competent disinterested parties. Such statements should not come even within the rules of false representations, but if they do, they require the same promptitude in the rescission of the contract.

APPEAL from *Sebastian* Circuit Court.
Hon. J. H. ROGERS, Circuit Judge.

*Clendenning & Sandels*, for appellant :

1. "An instruction given with reference to facts hypothetically stated in it, the existence of which there is no evidence to show, is calculated to mislead the jury and erroneous." 41 *Miss.*, 131–339–240 ; 2 *George*, 464 ; *Burgwyn's (Md.) Digest, Title "Law and Fact ;"* 1 *Marshall, (Ky.)*, 460 ; 3 *Ib.*, 98 ; 1 *B. Mon.*, 213 ; 7 *Ib.*, 371.

2. There was a total lack of evidence to sustain the verdict.

*J. A. Yantis*, for appellees :

EAKIN, J. Appellees, a Boston firm, engaged in the manufacture and sale of printing presses and material, sued Berman before a justice of the peace, upon an account for the purchase of a small press, type, etc., amounting, in all, to $66.33. They recovered judgment there, also in the Circuit Court, upon appeal by the defendant. After motion for a new trial and a bill of exceptions, the defendant now appeals here.

No new questions of law are presented by the record, and the attorneys make few points. We will only notice those upon which the appellant insists.

Berman v. Woods & Co.

The purchase of the press, etc., was made by order sent from
Berman to the firm, based upon the representations regard-
ing the value and efficiency of the press, given in its cata-
logue or circular.   He was concerned, in its purchase, with
a young clerk in his store, for whose benefit it was partially
intended, although Berman, who was a merchant, expected
benefits from it, in the way of advertising, hand bills, and
the like.    There is no question as to other matters save the
press, which, the defendant contends, was inferior in size
and capacity to the representations of the circular.    It cer-
tainly proved inefficient in the  hands of  the  purchasers;
whether from their want of mechanical skill and experience
as printers, or from the bad material and  structure of the
press itself, is a question not free from doubt, nor material
to be settled.    In about a month after it was shipped from
Boston to Fort Smith, the defendant having refused to pay
for it, shipped it back to plaintiffs, who declined to accept
it.    Meanwhile it had been received, set up, and partly
worked by the young man, in the absence of defendant, who
had been absent when it arrived. The reshipment was about
four days after the defendant's return.    There is evidence,
also, to show that defendant, after the press was shipped,
but before he was advised of it, countermanded the order,
saying he had made other arrangements in St. Louis.

Appellant contends that the  court gave instructions to
jury on the hypothesis that the  clerk was the agent of the
defendant, and thereby made his acts  of  acceptance in
defendant's absence bind him.    We think there  was evi-
dence upon which the  jury might find the facts, as thus
hypothetically stated, and that such an instruction  was
altogether proper.    The young man was a clerk in his store,
attending to his business.    The negotiations for the press
were first begun by the young man, and afterwards taken
up by Berman, partly for his own benefit and partly to aid the

44–38

*(margin:)* RESCIS-
SION OF
CONTRACT
Failure
of consid-
eration:
Agency.

the clerk. The latter was to work the press, and the jury might well conclude that defendant had authorized him to unpack, set it up and use it.

In one material respect, the size of the form which it would print, the press did not fulfill the representations of the vendors, in their correspondence, and if it had been promptly returned, without injury, the defense might, on correct principles, have been made. But it seems to have been retained an unreasonable time. The defect was visible to the eye, if it existed, or might have been ascertained by the use of a carpenter's rule. Nevertheless the press was set up and used for profit, and the chase broken before its return. The jury, on sound principle, might find that defendant, by the act of his agent, and his own delay after his return from St. Louis, had lost his right to rescind.

2. PUFF-ING:
False representation in circulars, etc.

As for the glowing representations, with regard to the merits of their press, made by plaintiffs in their circulars, they are the usual artifices of enterprise and competition. If false or exaggerated, they are reprehensible, in strict morals, but the law supposes that prudent people should estimate them at their usual worth. It is folly to rely upon them when made by unknown dealers, and they do not amount to warranties of every sale which they induce. Purchasers should either examine for themselves or seek the advice of competent and reliable persons who may be indifferent. Perhaps in this age of sharp competition in all branches of trade, few sales would bind, if this class of commendations could afford ground of rescission. Mr. PARSONS in his work on Contracts, vol. 1, p. 588, well says that a purchaser "cannot rely upon all statements and assertions made by the maker, in circulars concerning the article, as a warranty that it will do what is stated." For this he cites Prideux v. Bennett, a recent English case reported in 1 C. B., (N. S.) 615. Upon principle, considering how little

reliance may generally be placed upon them, they should not even come within the rules of false representations, but if they do, they require the same promptitude in the rescission of the contract.

The instructions given and refused, accord substantially with the views above expressed, and the elementary doctrines of the text books. They contain no new principle, and it would serve no useful purpose to discuss them. We think the jury justified by the evidence in finding that the contract of purchase was not rescinded in a reasonable manner and time, and that a new trial was properly refused.

Affirm the judgment.